IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK ANTHONY GONZALES, | | |
| | Plaintiff, | No. 2:12-cv-1035 KJN P |
| vs. | | |
| M. McDONALD, | | ORDER AND |
| | Defendant. | FINDINGS AND RECOMMENDATIONS |
| _____ / | | |

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 28, 2012, defendant filed a motion to dismiss based on plaintiff's alleged failure to exhaust administrative remedies prior to filing the instant action. On August 9, 2012, plaintiff was advised of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).

      On January 9, 2013, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within sixty days.  In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the:  (a) pending motion granted; (b) action

1

dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

        The sixty day period expired on April 1, 2013, and plaintiff has not responded to the court's order.

        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  <u>Ferdik</u>, 963 F.2d at 1260-61 (quoting <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986)); <u>see</u> <u>also</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995).

        In determining to recommend that this action be dismissed, the court has considered the five factors set forth in <u>Ferdik</u>.  Here, as in <u>Ferdik</u>, the first two factors strongly support dismissal of this action.  The action has been pending for almost one year.  Plaintiff's failure to comply with the Local Rules and the court's January 31, 2013 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

        Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

////

1   The fifth factor also favors dismissal. The court has advised plaintiff of the
2   requirements under the Local Rules and granted ample additional time to oppose the pending
3   motion, all to no avail. The court finds no suitable alternative to dismissal of this action.
4   The fourth factor, public policy favoring disposition of cases on their merits,
5   weighs against dismissal of this action as a sanction. However, for the reasons set forth supra,
6   the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of
7   this case, those factors outweigh the general public policy favoring disposition of cases on their
8   merits. See Ferdik, 963 F.2d at 1263.
9   Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to
10  assign a district judge to this case; and
11  IT IS HEREBY RECOMMENDED that this action be dismissed without
12  prejudice pursuant to Federal Rule of Civil Procedure 41(b).
13  These findings and recommendations are submitted to the United States District
14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
15  one days after being served with these findings and recommendations, any party may file written
16  objections with the court and serve a copy on all parties. Such a document should be captioned
17  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
18  objections shall be filed and served within fourteen days after service of the objections. The
19  parties are advised that failure to file objections within the specified time may waive the right to
20  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21  DATED: April 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gonz1035.46fr